UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FAYE MCCARVER,                    ]
                                  ]
   Plaintiff(s),              ]
                                  ]
vs.                               ] CV02-CO-03196-W
                                  ]
LOWE'S COMPANIES, INC.,           ]
                                  ]
   Defendant(s).              ]



FILED
04 MAY 17 PM 4: 25
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 17 2004

MEMORANDUM OF OPINION

I.   INTRODUCTION.

The plaintiff, Faye McCarver ("McCarver"), filed her complaint against Lowe's Companies, Inc., ("Lowe's") on December 30, 2002. Ms. McCarver's sole claim is that she is due overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C., §§ 201 *et seq.*, for the time she spent waiting for the doors to be unlocked after the store closed. On October 8, 2003, McCarver filed a motion for leave to file an amended complaint [Doc. # 24] seeking to state class allegations. Lowe's objected to the amendment as not timely

54

and filed the instant motion for summary judgment on January 20, 2004. [Doc. # 41.]

Upon due consideration, the court is of the opinion that the Lowe's motion for summary judgment is due to be granted in all respects and as such, McCarver's motion for leave to file an amended complaint to add class allegations is due to be denied.

II.   FACTS.[1]

McCarver began working for Lowe's in 1999, at its Tuscaloosa, Alabama, facility. [Compl.] On August 9, 1999, McCarver signed an acknowledgment that she had read and understood the Lowe's New Employee Orientation Guide. The Guide stated that working "off the clock" or under reporting hours was prohibited and that such conduct could result in disciplinary action up to and including termination. [McCarver Dep. at 137-42.]

---

[1] The facts set out below are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. See Info. Sys. & Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund, 17 F.3d 1386, 1400 (11th Cir. 1994).

During the course of McCarver's employment, she sometimes worked the closing shift. While she does not know how many times a week she worked this shift, it was "more than twice a week." [McCarver Dep. at 106.] After the store closed to customers, the doors were locked for security reasons. [Griffin Dep. at 8-9.] After completing their assigned closing activities, for which they were compensated, McCarver and other employees waited at the front doors until a member of management unlocked the doors to let them out. [McCarver Dep. at 108.] During their wait, the employees would sit near the cashier stations and talk. [McCarver Dep. at 135.] McCarver performed no work during this time. [McCarver Dep. at 342.]

For a period of time during McCarver's employment, McCarver and the other employees would clock out at one of the cashier terminals as they were being let out of the store. [McCarver Dep. at 118-20.] McCarver states that at some point during her employment, the practice of clocking out when a manager unlocked the doors ceased and the employees were required to clock out at their respective terminals before coming to the

front of the store to wait.[2] [McCarver Dep. at 120-24.] McCarver does not know when this practice changed. She can not state if it changed in 1999, 2000 or 2001. [McCarver Dep. at 124.]

McCarver testified that the typical time she had to wait to be let out of the store was about fifteen minutes. [McCarver Dep. at 109.] McCarver never complained to Lowe's management about having to wait to be let out of the store. [McCarver Dep. at 141, 154.] In December 2001, McCarver's employment with Lowe's was terminated for reasons unrelated to this case. [McCarver Dep., at 155-63.]

III.   STANDARD.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, togther with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and

---

[2]Lowe's presented evidence and maintains that its employees continue to clock out at the front of the store when leaving and that the policy of clocking out at the front of the store has not changed. (Affidavits of Simmons, Clark, Burton and Millwood.)

identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catreet*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d

1220, 1224 (11th Cir. 2002)(quoting *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV. DISCUSSION.

McCarver contends that when she worked the closing shift, and had to wait for a member of management to unlock the door, it resulted in her working overtime without being appropriately compensated.[3] Ms. McCarver argues that this practice was in direct contradiction to the FLSA. Section 7 of the FLSA provides for the payment of overtime compensation, of not less than one and one-half times the regular rate, to employees who work more than 40 hours per week. 29 U.S.C. § 207(a)(1).

Lowe's argues, in part, that the time McCarver waited at the front of the store was not compensable work. "Whether a certain set of facts and circumstances constitute work for purposes of the FLSA is a question of law." *Birdwell v. City of Gadsden, Ala.,* 970 F.2d 802, 807 (11th Cir. 1992).

---

[3] The court assumes that McCarver's only claim for overtime is for that time period following when she alleges that she was required to start clocking out at her terminal before going to the front of the store to wait for the doors to be opened. Prior to that change in procedure, she remained on the clock while waiting at the front of the store and clocked out only when the doors were opened. Indeed, before the change allegedly took place, McCarver was being paid while she waited. [McCarver Dep. at 119-20.]

"By not providing a definition of 'work' or 'employment' in the FLSA, Congress left it to the courts to determine which employment-related activities are compensable under the Act." *Dade County, Fla. v. Alvarez*, 124 F.3d 1380, 1384 (11th Cir. 1997).  The United States Supreme Court has defined work to mean "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944).

The court must decide — as it is a question of law — whether the facts and circumstances of this case constitute work for purposes of the FLSA.  If the time McCarver spent waiting was not work, then she can not prove an essential element of her case and summary judgment is due to be granted.

While she sat and talked with other employees, McCarver did not utilize any physical or mental exertion that was "controlled or required by Lowe's."  McCarver conceded that the managers did not ask her to perform any duties during this time.  The court finds that the time McCarver spent waiting at the front of the store for the doors to be unlocked was not "work."

In the 1946 decision of *Anderson v. Mt. Clemens Pottery Co.*, the Supreme Court held that workers, in a quarter mile long plant, who spent up to twelve minutes walking to and from their assigned work area as well as an additional fourteen minutes preparing for "productive work" must be compensated for such time at work.[4]  The facts of *Mt. Clemens* are not dissimilar to those in the case *sub judice*.  In *Mt. Clemens*, the Supreme Court concluded that the time spent walking was "under the complete control of the employer" and that "they were compelled to do so by the necessities of the employer's business."[5]  These conclusions are consistent with McCarver's position.

In response to *Mt. Clemens,* Congress enacted the Portal-to-Portal Act, which provides that no employer can be held liable under the FLSA for activities which are "preliminary to or postliminary to" the duties which the employee has been hired to perform.[6]  Therefore, "[a]ctivites performed before or after the regular work shift are . . . compensable under the FLSA

---

[4]328 U.S. 680 (1946).

[5]*Mt. Clemens, at 691.*

[6]29 U.S.C. § 254.

only if they 'are an integral and indispensable part of the principal activities for which covered workmen are employed.'" *Alvarez* at 1384 (quoting *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956)). "Congress's purpose in the Portal-to-Portal Act, . . . (with rare exceptions) [was] to exclude preliminary and postliminary waiting and walking time from compensability." *Tum v. Barber Foods, Inc.*, 360 F.3d 274, 281 (1st Cir. 2004).

McCarver's time, sitting and waiting for the front doors to be opened, was not an "integral and indispensable" part of Lowe's activities for which she was employed and thus the Portal-to-Portal Act would prohibit McCarver's recovery. This conclusion is supported in part by the fact that whenever a member of management unlocked the door, any employee, including McCarver, who was waiting, was free to leave. In other words, the employer did not require an employee to wait a particular amount of time before being let out. Neither the amount of time nor the conduct while waiting to leave made any difference to the employer's business.

Even if McCarver had been able to demonstrate that the time she spent waiting for the doors to be unlocked was compensable under the FLSA,

she must be able to "show the amount and extent of [her] overtime work as a matter of just and reasonable inference." *Davis v. Food Lion*, 792 F.2d 1274, 1277 (4th Cir 1986)(citing *Mt. Clemens* at 687). McCarver does not know when the procedure changed and she was required to wait "off the clock" for the doors to be unlocked. She was hired in 1999, and worked until December of 2001, but does not know whether the procedure was changed in 1999, 2000, or 2001. [McCarver Dep. at 124.] McCarver has offered no evidence of when the procedure changed and thus has no basis upon which to support an inference, reasonable or otherwise.

V.   CONCLUSION.

The court will grant Lowe's motion for summary judgment in all respects. Additionally, since McCarver can not meet the necessary burden to sustain this cause of action, her motion to amend her complaint to add class allegations will be denied. An appropriate order in conformity with this memorandum of opinion will be entered.

Done, this \_\_17\_\_ of May, 2004.

```
                                    _____
                                    L. SCOTT COOGLER
                                    UNITED STATES DISTRICT JUDGE
```